**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT CASTILLO JR., <br><br> Plaintiff, <br><br> v. <br><br> SYNCHRONY BANK, <br><br> Defendant. | Case No. 3:19-cv-04740 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

**NOW COMES**, GILBERT CASTILLO JR. ("Plaintiff"), by and through his counsel, Nicholas M. Wajda, and asserts the following claims against SYNCHRONY BANK ("Defendant"), as follows:

**Nature of the Action**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

2. The TCPA makes it unlawful for a person to call another person's cellular telephone using an "automatic telephone dialing system" or "artificial or prerecorded voice" without the express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii).

1

3. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

4. As discussed below, Defendant violated the TCPA by repeatedly calling Plaintiff's cellular telephone number with an ATDS without Plaintiff's consent and after Plaintiff told representatives of Defendant on numerous occasions to stop calling him.

**Parties, Jurisdiction and Venue**

5. Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6. Defendant is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut.

7. Defendant regularly conducts business with consumers in California, including Plaintiff.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, vendor, third-party contractors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California, Plaintiff resides in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**Facts Supporting Cause of Action**

12. Prior to conduct giving rise to Plaintiff's claims, Plaintiff obtained a line of credit for a PayPal credit card, which was issued through Defendant.

13. Plaintiff used the PayPal credit card for personal and family expenses and incurred charges that were owed to Defendant.

14. After experiencing financial hardship, Plaintiff was unable to reimburse Defendant for the charges incurred, and this resulted in him incurring an amount of indebtedness (the "Subject Debt").

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone number (925) 595-8287.

16. Plaintiff paid for the cellular phone and pays for his phone's cellular services, and did so during the time period of the calls in question.

17. In or around January 2017, at random times during this day, Plaintiff began receiving frequent and persistent calls to his cellular phone from Defendant.

18. Defendant has used a variety of phone numbers and area codes when placing calls to Plaintiff's cellular phone.

19. The phone numbers that Defendant most often used to contact Plaintiff are (407) 517-9779, (937) 401-4804, and (770) 239-0739, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

20. When Plaintiff answered Defendant's calls, in almost every instance he experienced a noticeable pause, lasting approximately three seconds in length, before a live representative began to speak.

21. Additionally, when Plaintiff answered Defendant's calls, in almost every instance he heard what sounded to be call center noise in the background of Defendant's collection calls.

3

22. During many calls that Plaintiff answered, he had to ask words like "Hello? Hello? Hello?" several times before a person (an "account representative") would respond.

23. During many calls that Plaintiff answered, there were a few seconds of silence before the call center noise could be heard, followed by an account representative responding to Plaintiff asking "Hello? Hello? Hello?"

24. When a call representative on the other end of an answered call spoke to Plaintiff, the account representative told Plaintiff that he or she was calling on behalf of Defendant in an attempt to collect a debt, and presumably, the Subject Debt.

25. During several phone conversations with various account representatives, Plaintiff told the account representatives that he was aware of Subject Debt.

26. During several phone conversations with various account representatives, Plaintiff told the account representatives to stop calling him.

27. Despite Plaintiff telling numerous account representatives to stop calling him, Defendant continued to call Plaintiff's cellular telephone, and did so in an attempt to collect the Subject Debt.

28. Plaintiff has received numerous phone calls from Defendant since he first demanded that Defendant stop calling.

29. Defendant has intentionally harassed and abused Plaintiff by calling him after he told Defendant on numerous occasions to stop calling him. In addition to the facts set forth above in Paragraphs 17 through 23, upon information and belief, Defendant placed the subject calls to Plaintiff's cellular telephone using an "automated telephone dialing system" ("ATDS") as this term is defined by the TCPA.

30. Plaintiff reasonably and plausibly believes that Defendant utilized an ATDS to call him because ATDS based call systems are commonly used in the debt collection industry to collect defaulted loans.

31. Further, Plaintiff reasonably and plausibly believes that Defendant utilized an ATDS to call him because he never provided his telephone number to Defendant, and in order to obtain Plaintiff's cellular number, Defendant was required to obtain and/or dial his cellular number through the use of a random or sequential number generator.

32. Defendant has called Plaintiff's cellular number at least 134 times with an ATDS in an attempt to collect the Subject Debt:

33. Defendant called Plaintiff's cellular number January 28, 2017.

34. Defendant called Plaintiff's cellular number two times on January 31, 2017.

35. Defendant called Plaintiff's cellular number two times on February 1, 2017.

36. Defendant called Plaintiff's cellular number two times on February 2, 2017.

37. Defendant called Plaintiff's cellular number once on February 3, 2017.

38. Defendant called Plaintiff's cellular number two times on February 4, 2017.

39. One of Defendant's calls on February 4, 2017, took place at approximately 8:07AM.

40. Defendant called Plaintiff's cellular number on February 5, 2017 at approximately 8:04 AM.

41. February 5, 2017, was a Sunday.

42. Defendant called Plaintiff's cellular number two times on February 28, 2017.

43. One of the February 28, 2017, calls took place at approximately 8:10 AM.

44. Defendant called Plaintiff's cellular number two times on March 1, 2017.

45. One of the March 1, 2017, calls took place at approximately 8:07 AM.

46. Defendant called Plaintiff's cellular number on March 2, 2017, at approximately 8:05 AM.

47. Defendant called Plaintiff's cellular number two times on March 8, 2017.

48. One of the March 8, 2017, calls took place at approximately 8:03 AM.

49. Defendant called Plaintiff's cellular number two times on March 9, 2017.

50. One of the March 8, 2017, calls took place at approximately 8:02 AM.

51. Defendant called Plaintiff's cellular number two times on March 16, 2017.

52. One of the March 16, 2017, calls took place at approximately 8:16 AM.

53. Defendant called Plaintiff's cellular number two times on March 19, 2017.

54. One of the March 19, 2017, calls took place at approximately 9:12 AM.

55. March 19, 2017, was a Sunday.

56. Defendant called Plaintiff's cellular number five times on March 20, 2017.

57. Defendant called Plaintiff's cellular number four times on March 22, 2017.

58. One of the March 22, 2017, calls took place at approximately 8:54 AM.

59. Defendant called Plaintiff's cellular number three times on March 24, 2017.

60. One of the March 24, 2017, calls took place at approximately 8:07 AM.

61. Defendant called Plaintiff's cellular number five times on March 27, 2017.

62. One of the March 27, 2017, calls took place at approximately 8:36 AM.

63. Defendant called Plaintiff's cellular number two times on March 28, 2017.

64. Defendant called Plaintiff's cellular number four times on March 29, 2017.

65. Defendant called Plaintiff's cellular number three times on March 30, 2017.

66. One of the March 30, 2017, calls took place at approximately 8:13 AM.

67. Defendant called Plaintiff's cellular number three times on March 31, 2017.

68. One of the March 31, 2017, calls took place at approximately 8:15 AM.

6

69. Defendant called Plaintiff's cellular number three times on April 1, 2017.

70. One of the April 1, 2017, calls took place at approximately 8:42 AM.

71. Defendant called Plaintiff's cellular number four times on April 2, 2017.

72. One of the April 2, 2017, calls took place at approximately 8:08 AM.

73. April 2, 2017, was a Sunday.

74. Defendant called Plaintiff's cellular number three times on April 3, 2017.

75. Defendant called Plaintiff's cellular number two times on April 4, 2017.

76. Defendant called Plaintiff's cellular number five times on April 5, 2017.

77. Defendant called Plaintiff's cellular number four times on April 6, 2017.

78. One of the April 6, 2017, calls took place at approximately 8:05AM.

79. Defendant called Plaintiff's cellular number four times on April 7, 2017.

80. One of the April 7, 2017, calls took place at approximately 8:48 AM.

81. Defendant called Plaintiff's cellular number three times on April 8, 2017.

82. One of the April 8, 2017, calls took place at approximately 8:03 AM.

83. Defendant called Plaintiff's cellular number four times on April 9, 2017.

84. One of the April 9, 2017, calls took place at approximately 8:18 AM.

85. April 9, 2017, was a Sunday.

86. Defendant called Plaintiff's cellular number three times on April 10, 2017.

87. Defendant called Plaintiff's cellular number two times on April 11, 2017.

88. Defendant called Plaintiff's cellular number four times on April 12, 2017.

89. One of the April 12, 2017, calls took place at approximately 8:35 AM.

90. Defendant called Plaintiff's cellular number three times on April 13, 2017.

91. One of the April 13, 2017, calls took place at approximately 8:08 AM.

92. Defendant called Plaintiff's cellular number three times on April 14, 2017.

93. One of the April 14, 2017, calls took place at approximately 8:10AM.

94. Defendant called Plaintiff's cellular number three times on April 15, 2017.

95. One of the April 15, 2017, calls took place at approximately 8:12 AM.

96. Defendant called Plaintiff's cellular number four times on April 17, 2017.

97. Defendant called Plaintiff's cellular number two times on April 18, 2017.

98. Defendant called Plaintiff's cellular number five times on April 19, 2017. One of the April 19, 2017, calls took place at approximately 8:02 AM.

99. Defendant called Plaintiff's cellular number four times on April 20, 2017.

100. Defendant called Plaintiff's cellular number four times on April 21, 2017.

101. One of the April 21, 2017, calls took place at approximately 8:34AM.

102. Defendant called Plaintiff's cellular number two times on April 22, 2017.

103. Defendant called Plaintiff's cellular number five times on April 24, 2017.

104. One of the April 24, 2017, calls took place at approximately 8:48 AM.

105. Defendant's records identify the time and date of the above calls.

106. Defendant's records identify at least one instance where Plaintiff told Defendant to stop calling him.

107. Defendant's records identify more than one instance where Plaintiff told Defendant to stop calling him.

108. Defendant's records identify at least three instances where Plaintiff told Defendant to stop calling him.

109. Defendant's records identify more than five instances where Plaintiff told Defendant to stop calling him.

110. Defendant's records identify Plaintiff do not call request(s) by a designated numeric code.

111. Defendant's records identify Plaintiff do not call request(s) by a designated alpha/letter based code.

112. Defendant's records identify Plaintiff do not call request(s) by a designated abbreviation.

113. On information and belief, based upon the allegations, the above listed telephone calls were placed or made by an ATDS operated by Defendant.

114. All of the above calls took place without Plaintiff's express consent..

115. The frequency of the above listed calls constitutes harassment.

116. On certain days identified above, Defendant called Plaintiff up to four times, and at times, follow up calls on the same day were made less than an hour after a prior placed call.

117. For example, on March 20, 2017, March 22, 2017, March 27, 2017, March 29, 2017, April 2, 2017, April 5, 2017, April 6, 2017, April 7, 2017, April 9, 2017, March 12, 2017, March 17, 2017, April 19, 2017, April 20, 2017, April 21, 2017, April 23, 2017, and April 24, 2017, Defendant called Plaintiff's cellular phone at least four (4) times during each listed day.

118. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

119. As a result of Defendant's unconscionable conduct Plaintiff has expended time researching his rights, consulting with potential attorneys, and eventually discussing his case with his retained attorneys.

120. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance and intrusion upon seclusion.

121. Defendant's phone harassment campaign and illegal collection activities have also caused Plaintiff actual harm by diminishing his use of his cellular telephone, power and battery

consumption, wear and tear caused to his cellular telephone, reduced battery charge life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

122.	Defendant's phone harassment campaign and illegal collection activities have also caused Plaintiff actual harm by causing him to become fearful or and aggravated unsolicited debt collection calls.

123.	Defendant's phone harassment campaign and illegal collection activities have also caused Plaintiff to suffer harassment, emotional distress, anxiety, loss of concentration and time-wasting of daily aspects of life. For example, Plaintiff has been required to answer Defendant's unwanted phone calls during time with his children and during work hour.

124.	Alternatively, on information and belief, based upon the allegations, the above telephone calls were placed or made by an ATDS operated by a third-party vendor that acts as a contractor for Defendant.

125.	As the legal entity upon whose benefit the above calls were being placed, Defendant is liability for any violation of the TCPA committed by its vendor agents.

126.	For the purpose of accessing treble damages and other relief, the following in true. In the past four years from the filing of this Civil Action, Defendant called over forty person in the State of California with an ATDS (as defined by the TCPA) where Defendant did not have express written consent to call the persons where Defendant called in an attempt to collect on a debt allegedly owed by the person that Defendant was trying to call.

127.	Alternatively, in the past four years from the filing of this Civil Action, a vendor or contractor working on behalf of Defendant called over forty person in the State of California with an ATDS (as defined by the TCPA) where Defendant did not have express written consent to call

the persons where Defendant's vendor or contractor called in an attempt collect on a debt allegedly owed by the person that the vendor or contractor was trying to call.

128. Alternatively, in the past four years from the filing of this Civil Action, a vendor or contractor working on behalf of Defendant called over forty person in the State of California with an ATDS (as defined by the TCPA) where Defendant did not have express written consent to call the persons where Defendant called in an attempt to collect on a debt allegedly owed by the person that the vendor or contractor was trying to call.

129. For the purpose of accessing treble damages and other relief, Defendant's database of searchable numeric codes can be searched to locate instances when Plaintiff told Defendant to stop calling.

130. Alternatively, Defendant's database of searchable alpha/letter codes can be searched to locate instances when Plaintiff told Defendant to stop calling

131. Alternatively, Defendant's database of searchable abbreviations can be searched to locate instances when Plaintiff told Defendant to stop calling.

132. Defendant's database of searchable numeric codes can be searched to locate instances when other called parties told Defendant to stop calling.

133. Defendant's database of searchable alpha/letter codes can be searched to locate instances when other called parties told Defendant to stop calling.

134. Defendant's database of searchable abbreviations can be searched to locate instances when other called parties told Defendant to stop calling.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

135. Plaintiff restates and realleges the above Paragraphs as though fully set forth herein.

136. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

137. As discussed above, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

138. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

139. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between January 2017 and the present day, using an ATDS without his prior consent.

140. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

141. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

142. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

143. Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

144. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call.

145. While Plaintiff believes that Defendant called him with an ATDS more than 134 times, this Court should award Plaintiff at least $500 per offending call for a total of $67,000.

146.     Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

147.     While Plaintiff believes that Defendant called him with an ATDS more than 134 times, this Court should award Plaintiff $1,500 per offending call for a total of $210,000 because Defendant continued to call Plaintiff after he told Defendants account representatives to stop calling him on numerous occasions.

**WHEREFORE**, Plaintiff GILBERT CASTILLO JR. respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining Defendant from contacting Plaintiff; and

    d. Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: August 13, 2019                               Respectfully submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com