**SULAIMAN LAW GROUP, LTD.**
James C. Vlahakis (Illinois State Bar No. 6230459)
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
E-Mail: jvlahakis@sulaimanlaw.com
*Attorney for the Plaintiff*
*PRO HAC VICE*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GILBERT CASTILLO JR., individually and on behalf of a nationwide class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL d/b/a SYNCHRONY BANK, and PAYPAL, INC.,<br><br>Defendants. | Case No. 3:19-cv-04740-JCS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. For Violations Of The Telephone Consumer Protection Act Pursuant To 47 U.S.C. § 227**<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

**NOW COMES**, GILBERT CASTILLO JR., by and through his counsel, James C. Vlahakis, and asserts the following claims against Defendants as follows:

### I.      Nature of the Action

1.      Plaintiff, GILBERT CASTILLO JR. ("Plaintiff") brings this civil action to redress violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, et seq.

2.      The TCPA makes it unlawful for a person to call another person's cellular telephone using an "automatic telephone dialing system" or "artificial or prerecorded voice" without the express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA defines ATDS

1

as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

## II.    Parties, Jurisdiction and Venue

3.       Plaintiff is a citizen and resident of the State of California and resides in this judicial District.

4.       Defendant SYNCHRONY FINANCIAL is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut.

5.       Synchrony Bank is a wholly-owned subsidiary of Synchrony Financial.

6.       Synchrony Financial (hereafter "Defendant" or at times "Defendant Synchrony") is a publicly traded company.

7.       On information and belief, in 2017 and today, Defendant's charter home office and principal place of business was and is located in Draper, Utah.

8.       Defendant regularly conducts business with persons in California, including Plaintiff.

9.       Defendant PAYPAL, CREDIT, INC. ("PayPal") is an online payments system website that supports online money transfers and also provides a line of credit to make purchases.

10.      PayPal's principal place of business is located in San Jose, California.

11.      PayPal can be served with process to CT Corporation System at 818 W Seventh St, Ste 930, Los Angeles, CA 90017.

12.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

13.      Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

14.       Venue is proper in this Court pursuant to 28 U.S.C. §1391 because:

2

(a) Plaintiff resides in the Northern District of California;

(b) Defendant Synchrony conducts and has conducted business in the Northern District of California during the time period of the calls in question;

(c) Defendant PayPal conducts and has conducted business in the Northern District of California; and

(d) a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California, including, but not limited to the telephone calls at issue.

### III.   Background Facts Supporting Plaintiff's TCPA Claims

15.   Prior to conduct giving rise to Plaintiff's claims, Plaintiff obtained a line of credit for a PayPal MasterCard credit card.

16.   On information and belief, the PayPal MasterCard credit card was issued by or through Defendant.

17.   Plaintiff used the PayPal credit card for personal and family expenses and incurred charges that were owed to PayPal and/or Defendant indebtedness (the "Subject Debt").

18.   Plaintiff is a "person" as this term is defined by 47 U.S.C. §153(39) and by Cal. Civ. Code § 1788.2(g).

19.   Defendant is a "person" as defined by 47 U.S.C. §153(39) and by Cal. Civ. Code § 1788.2(g).

20.   After experiencing financial hardship, Plaintiff was unable to reimburse Defendant for the charges incurred, and this resulted in him being unable to pay off the "Subject Debt."

21.   The Subject Debt was a "debt" as defined by Cal. Civ. Code § 1788.2(d) because Defendant regarded the Subject Debt as "due or owing."

22.   The Subject Debt was "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e) because Defendant regarded the Subject Debt to have resulted from "a transaction between a natural person [Plaintiff] and another person in which property, services [and] money

3

[was] acquired on credit by that natural person from such other person primarily for personal, family, or household purposes."

23.     The Subject Debt was a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) because Defendant regarded the Subject Debt to have resulted from "money, property or their equivalent, due or owing or alleged to be due or owing from [Plaintiff] by reason of a consumer credit transaction."

24.     The Subject Debt was a "consumer credit" as defined by Cal. Civ. Code § 1788.2(f) because Defendant regarded the Subject Debt to have resulted from "money, property or their equivalent, due or owing or alleged to be due or owing from [Plaintiff] by reason of a consumer credit transaction."

25.     Cal. Civ. Code § 1788.2(b) defines the term "debt collection" to mean "any act or practice in connection with the collection of consumer debts."

26.     Cal. Civ. Code § 1788.2(b) defines the term "debt collector" to mean "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."

27.     Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c)

28.     At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone number (925) 595-8287.

29.     Plaintiff paid for the cellular phone and pays for his phone's cellular services, and did so during the time period of the calls in question.

**IV.     Defendant Synchrony's Relationship with PayPal**

30.     As outlined above and detailed below in this Section and the following Sections, Defendant acted through its agents, vendor, third-party contractors, employees, officers, members,

4

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

31. As detailed below, Defendant called Plaintiff's cellular telephone number in an attempt to collect the debt Plaintiff allegedly owed to PayPal.

32. At all times material hereto, for the benefit of Paypal, Defendant placed debt collection calls to Plaintiff's cellular telephone number to recover a debt Plaintiff allegedly owed to PayPal.

33. Defendant called Plaintiff's cellular telephone number and left pre-recorded messages in the voice-mail box associated with Plaintiff's cellular telephone number in an attempt to collect the debt Plaintiff allegedly owed to PayPal.

34. In making these phone calls, Defendant did so as an authorized representative or agent of and on behalf of PayPal.

35. In making these phone calls and placing or leaving pre-recorded messages, Defendant did so as an authorized representative or agent of and on behalf of PayPal.

36. PayPal gave Defendant authority to call Plaintiff's cellular telephone number with an ATDS.

37. PayPal gave Defendant authority to Plaintiff's cellular telephone number with an ATDS.

38. PayPal gave Defendant authority to Plaintiff's cellular telephone number and leave pre-recorded messages in the voice-mail associated with Plaintiff's cellular telephone number.

39. On information and belief, PayPal gave Defendant authority to use PayPal's trade name, trademark, or service mark in relation to the placement of debt collection calls and pre-recorded messages.

V.     **Summary of TCPA Violations**

40.    As discussed below, Defendant violated § of 227(b)(1)(A)(iii) of TCPA because it called Plaintiff's cellular telephone number with an ATDS without Plaintiff's consent.

41.    Defendant also violated § 227(b)(1)(A)(iii) of the TCPA because it called Plaintiff's cellular telephone number which resulted in pre-recorded voice messages being delivered to the voicemail box associated with Plaintiff's cellular telephone number without Plaintiff's consent.

42.    Pursuant to § 227(b)(3)(C) of the TCPA, Plaintiff is entitled at least $500 for each time where Defendant called Plaintiff's cellular telephone number with an ATDS based phone call.

43.    Pursuant to § 227(b)(3)(C) of the TCPA, Plaintiff is entitled at least $500 for each non-consensual pre-recorded voice message that Defendant caused to be left on the voicemail box associated with Plaintiff's cellular telephone number.

44.    If the evidence demonstrates that Defendant called Plaintiff's cellular telephone number with an ATDS, *after* Plaintiff specifically told a representative of Defendant to stop calling him, then Pursuant to § 227(b)(3)(C) of the TCPA, Plaintiff is entitled treble damages ($1,500) for each ATDS based call after he told Defendant to stop calling him.

45.    If the evidence demonstrates that Defendant called Plaintiff's cellular telephone number and left or played a pre-recorded voice message in the voicemail box associated with Plaintiff's cellular telephone number *after* Plaintiff specifically told representatives of Defendant to stop calling him, then Pursuant to § 227(b)(3)(C) of the TCPA, Plaintiff is entitled treble damages ($1,500) for each pre-recorded voice message after he told Defendant to stop calling him.

VI.    **Description of Telephone Calls and Pre-Recorded Messages**

46.    In or around January 2017, Defendant began to call, or caused a third-party to call Plaintiff's cellular telephone number.

6

47.     Alternatively, in or around January 2017, Defendant instructed and caused a third-party vendor or third-party vendors to call Plaintiff's cellular telephone number.

48.     Defendant has used a variety of phone numbers and area codes when placing calls to Plaintiff's cellular telephone number.

49.     Alternatively, Defendant instructed and caused a third-party vendor or third-party vendors to call Plaintiff cellular telephone number using an ATDS, and the vendor or vendors used a variety of phone numbers and area codes when placing calls to Plaintiff's cellular telephone number.

50.     The phone numbers that Defendant most often used to contact Plaintiff are (407) 517-9779, (937) 401-4804, and (770) 239-0739, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

51.     On information and belief, PayPal was aware of Defendant's use of a third party or third-parties to place calls to Plaintiff's cellular telephone number using an ATDS, if in fact Defendant used a third party or third-parties to place calls to Plaintiff's cellular telephone number.

52.     When Plaintiff answered Defendant's calls, in almost every instance he experienced a noticeable pause, lasting approximately three seconds in length, before a live representative began to speak.

53.     During many calls that Plaintiff answered, he had to ask words like "Hello? Hello? Hello?" several times before a person (a "Synchrony account representative") would respond.

54.     During many calls that Plaintiff answered, there were a few seconds of silence before the call center noise could be heard, followed by a Synchrony account representative responding to Plaintiff asking "Hello? Hello? Hello?"

55.     Additionally, when Plaintiff answered certain of Defendant's calls, he heard what sounded to be call center noise in the background of Defendant's collection calls.

7

56.     When Plaintiff answered a call from Defendant and a Synchrony account representative on the other end of an answered call spoke to Plaintiff, the Synchrony account representative would tell Plaintiff that he or she was calling on behalf of "Synchrony Bank" in an attempt to collect the Subject Debt.

57.     During other calls that Plaintiff answered, a Synchrony account representative would tell Plaintiff that he or she was calling on behalf of "Synchrony Bank" in an attempt to collect the Subject Debt on behalf of PayPal and/or PayPal MasterCard.

58.     During several phone conversations with various Synchrony account representatives, Plaintiff indicated that he was aware of Subject Debt.

59.     During various phone conversations with different Synchrony account representatives, Plaintiff told the Synchrony account representatives to stop calling him.

60.     On information and belief, Plaintiff first told a Synchrony account representative to stop calling him prior to January 28, 2017.

61.     On information and belief, Defendant called Plaintiff's cellular telephone number with an ATDS close to two dozen times before Plaintiff told a Synchrony account representative to stop calling him sometime prior to January 28, 2017.

62.     Despite Plaintiff telling numerous Synchrony account representatives to stop calling him, Defendant continued to call Plaintiff's cellular telephone, and did so in an attempt to collect the Subject Debt.

63.     Defendant called Plaintiff at least 137 times *after* Plaintiff first told a Synchrony account representative to stop calling him.

64.     Defendant harassed Plaintiff by calling his cellular telephone number after he told Defendant on numerous occasions to stop calling him.

65.     Defendant abused Plaintiff by calling his cellular telephone number after he told Defendant on numerous occasions to stop calling him.

66.     Defendant called Plaintiff's cellular telephone number *at least* 137 times with an ATDS in an attempt to collect the Subject Debt.

67.     On information and belief, Defendant called Plaintiff's cellular telephone number at least 150 times with an ATDS in an attempt to collect the Subject Debt.

68.     Defendant called Plaintiff's cellular telephone number over 150 times with an ATDS in an attempt to collect the Subject Debt.

69.     The following dates and times listed below are verified calls and pre-recorded messages hat Defendant made to Plaintiff's cellular telephone number.  Defendant's records will show more calls and pre-recorded messages.

70.     Defendant called Plaintiff's cellular telephone number with an ATDS on January 28, 2017, in an attempt to collect the Subject Debt.

71.     Defendant called Plaintiff's cellular telephone number with an ATDS on January 31, 2017, in an attempt to collect the Subject Debt.

72.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on January 31, 2017, in an attempt to collect the Subject Debt.

73.     Defendant called Plaintiff's cellular telephone number with an ATDS on February 1, 2017, in an attempt to collect the Subject Debt.

74.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on February 1, 2017, in an attempt to collect the Subject Debt.

75.     Defendant called Plaintiff's cellular telephone number with an ATDS on February 2, 2017, in an attempt to collect the Subject Debt.

9

76.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on February 2, 2017, in an attempt to collect the Subject Debt.

77.    Defendant called Plaintiff's cellular telephone number with an ATDS on February 3, 2017, in an attempt to collect the Subject Debt.

78.    Defendant called Plaintiff's cellular telephone number with an ATDS on February 4, 2017, in an attempt to collect the Subject Debt.

79.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on February 4, 2017, in an attempt to collect the Subject Debt.

80.    One of the February 4, 2017, calls took place at 8:07AM Pacific Time.

81.    Defendant called Plaintiff's cellular telephone number with an ATDS on Sunday, February 5, 2017, in an attempt to collect the Subject Debt, and placed the call at 8:04AM Pacific Time.

82.    Defendant called Plaintiff's cellular telephone number with an ATDS on February 28, 2017, in an attempt to collect the Subject Debt.

83.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on February 28, 2017, in an attempt to collect the Subject Debt.

84.    One of the February 28, 2017, calls took place at 8:10AM Pacific Time.

85.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 1, 2017, in an attempt to collect the Subject Debt.

86.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on March 1, 2017, in an attempt to collect the Subject Debt.

87.    One of the March 1, 2017, calls took place at 8:07AM Pacific Time.

88.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 2, 2017, at 8:05AM Pacific Time in an attempt to collect the Subject Debt.

10

89.     Defendant called Plaintiff's cellular telephone number with an ATDS on March 8, 2017, in an attempt to collect the Subject Debt.

90.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on March 8, 2017, in an attempt to collect the Subject Debt.

91.     One of the March 8, 2017, calls took place at 8:03 AM Pacific Time.

92.     Defendant called Plaintiff's cellular telephone number with an ATDS on March 9, 2017, in an attempt to collect the Subject Debt.

93.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on March 9, 2017, in an attempt to collect the Subject Debt.

94.     One of the March 9, 2017, calls took place at 8:02AM Pacific Time.

95.     Defendant called Plaintiff's cellular telephone number with an ATDS on March 16, 2017, in an attempt to collect the Subject Debt.

96.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on March 16, 2017, in an attempt to collect the Subject Debt.

97.     One of the calls on March 16, 2017 took place at 8:16 AM Pacific Time.

98.     Defendant called Plaintiff's cellular telephone number on March 16, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:39 P.M.

99.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 16, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

100.    Plaintiff has the original message in his possession.

101.    Defendant left more pre-recorded messages than the seventeen (17) pre-recorded messages identified in this Amended Complaint.

11

102. The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 16, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

103. The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 16, 2017, ended by stating, "this is a recording."

104. Defendant called Plaintiff's cellular telephone number with an ATDS on Sunday, March 19, 2017, in an attempt to collect the Subject Debt.

105. Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on Sunday, March 19, 2017, in an attempt to collect the Subject Debt.

106. Defendant called Plaintiff's cellular telephone number with an ATDS on Sunday March 19, 2017, 9:12 AM Pacific Time.

107. Defendant called Plaintiff's cellular telephone number with an ATDS on March 20, 2017, in an attempt to collect the Subject Debt.

108. Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on March 20, 2017, in an attempt to collect the Subject Debt.

109. Defendant called Plaintiff's cellular telephone number on March 22, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:21 P.M.

110. The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 22, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

111. The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 22, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

12

112.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 22, 2017, ended by stating, "this is a recording." Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on March 22, 2017, in an attempt to collect the Subject Debt.

113.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 22, 2017, at 8:54 AM Pacific Time.

114.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 24, 2017, in an attempt to collect the Subject Debt.

115.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on March 24, 2017, in an attempt to collect the Subject Debt.

116.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 24, 2017, at 8:07 AM Pacific Time.

117.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 27, 2017, in an attempt to collect the Subject Debt.

118.    Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on March 27, 2017, in an attempt to collect the Subject Debt.

119.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 27, 2017, at 8:36 AM Pacific Time.

120.    Defendant called Plaintiff's cellular telephone number on March 27, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:52 P.M.

121.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 27, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

13

122.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 27, 2017, also told Plaintiff to go to www.paypal.com and identified PayPa1's address in Draper, Utah.

123.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 27, 2017, ended by stating, "this is a recording."

124.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on March 28, 2017, in an attempt to collect the Subject Debt.Defendant called Plaintiff's cellular telephone number on March 28, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:10 P.M.

125.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 28, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

126.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 28, 2017, also told Plaintiff to go to www.paypal.comand identified PayPa1's address in Draper, Utah.

127.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 28, 2017, ended by stating, "this is a recording."

128.     Defendant called Plaintiff's cellular telephone number with an ATDS on March 29, 2017, in an attempt to collect the Subject Debt.

129.     Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on March 29, 2017, in an attempt to collect the Subject Debt.

130.     Defendant called Plaintiff's cellular telephone number on March 29, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:19 P.M.

14

131.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 29, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

132.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 29, 2017, also told Plaintiff to go to www.paypal.com and identified PayPa1's address in Draper, Utah.

133.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on March 29, 2017, ended by stating, "this is a recording."

134.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 30, 2017, in an attempt to collect the Subject Debt.

135.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on March 30, 2017, in an attempt to collect the Subject Debt.

136.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 30, 2017, at 8:13 AM Pacific Time.

137.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 31, 2017, in an attempt to collect the Subject Debt.

138.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on March 31, 2017, in an attempt to collect the Subject Debt.

139.    Defendant called Plaintiff's cellular telephone number with an ATDS on March 31, 2017, at 8:15 AM Pacific Time.

140.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 1, 2017, in an attempt to collect the Subject Debt.

141.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 1, 2017, in an attempt to collect the Subject Debt.

142.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 1, 2017, at 8:42 AM Pacific Time.

143.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 2, 2017, in an attempt to collect the Subject Debt.

144.    Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on Sunday, April 2, 2017, in an attempt to collect the Subject Debt.

145.    Defendant called Plaintiff's cellular telephone number with an ATDS on Sunday, April 2, 2017, at 8:08 AM Pacific Time.

146.    Defendant called Plaintiff's cellular telephone number on April 2, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 3:28 P.M.

147.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 2, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

148.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 2, 2017, also told Plaintiff to go to  www.paypal.com and identified PayPal's address in Draper, Utah.

149.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 2, 2017, ended by stating, "this is a recording."

150.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 3, 2017, in an attempt to collect the Subject Debt.

151.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 3, 2017, in an attempt to collect the Subject Debt.

16

152.     Defendant called Plaintiff's cellular telephone number on April 3, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:09 P.M.

153.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 3, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

154.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 3, 2017, also told Plaintiff to go to www.paypal.com and identified PayPa1's address in Draper, Utah.

155.     The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 3, 2017, ended by stating, "this is a recording."

156.     Defendant called Plaintiff's cellular telephone number with an ATDS on April 4, 2017, in an attempt to collect the Subject Debt.

157.     Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on April 4, 2017, in an attempt to collect the Subject Debt.

158.     Defendant called Plaintiff's cellular telephone number with an ATDS on April 5, 2017, in an attempt to collect the Subject Debt.

159.     Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on April 5, 2017, in an attempt to collect the Subject Debt.

160.     Defendant called Plaintiff's cellular telephone number on April 5, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 7:00 P.M.

17

161.   The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 5, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

162.   The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 5, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

163.   The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 5, 2017, ended by stating, "this is a recording."

164.   Defendant called Plaintiff's cellular telephone number with an ATDS on April 6, 2017, in an attempt to collect the Subject Debt.

165.   Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on April 6, 2017, in an attempt to collect the Subject Debt.

166.   Defendant called Plaintiff's cellular telephone number with an ATDS on April 6, 2017, at 8:05 AM Pacific Time.

167.   Defendant called Plaintiff's cellular telephone number with an ATDS on April 7, 2017, in an attempt to collect the Subject Debt.

168.   Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on April 7, 2017, in an attempt to collect the Subject Debt.

169.   Defendant called Plaintiff's cellular telephone number with an ATDS on April 7, 2017, at 8:48 AM Pacific Time.

170.   Defendant called Plaintiff's cellular telephone number on April 7, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:05 P.M.

171.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 7, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

172.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 7, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

173.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 7, 2017, ended by stating, "this is a recording."

174.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 8, 2017, in an attempt to collect the Subject Debt.

175.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 8, 2017, in an attempt to collect the Subject Debt.

176.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 8, 2017, at 8:03 AM Pacific Time.

177.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 9, 2017, in an attempt to collect the Subject Debt.

178.    Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on Sunday, April 9, 2017, in an attempt to collect the Subject Debt.

179.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 9, 2017, at 8:18 AM Pacific Time.

180.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 10, 2017, in an attempt to collect the Subject Debt.

181.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 10, 2017, in an attempt to collect the Subject Debt.

182.    Defendant called Plaintiff's cellular telephone number on April 10, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:11 P.M.

183.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 10, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

184.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 10, 2017, also told Plaintiff to go to  www.paypal.com and identified PayPal's address in Draper, Utah.

185.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 10, 2017, ended by stating, "this is a recording."

186.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 11, 2017, in an attempt to collect the Subject Debt.

187.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on April 11, 2017, in an attempt to collect the Subject Debt.

188.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 12, 2017, in an attempt to collect the Subject Debt.

189.    Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on April 12, 2017, in an attempt to collect the Subject Debt.

190.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 12, 2017, at 8:35 AM Pacific Time.

191.    Defendant called Plaintiff's cellular telephone number on April 12, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:38 P.M.

20

192.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 12, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

193.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 12, 2017, also told Plaintiff to go to www.paypal.com   and identified PayPal's address in Draper, Utah.

194.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 12, 2017, ended by stating, "this is a recording."

195.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 13, 2017, in an attempt to collect the Subject Debt.

196.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 13, 2017, in an attempt to collect the Subject Debt.

197.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 13, 2017, at 8:08 AM Pacific Time.

198.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 14, 2017, in an attempt to collect the Subject Debt.

199.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 14, 2017, in an attempt to collect the Subject Debt.

200.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 14, 2017, at 8:10 AM Pacific Time.

201.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 15, 2017, in an attempt to collect the Subject Debt.

202.    Defendant called Plaintiff's cellular telephone number with an ATDS at least three times on April 15, 2017, in an attempt to collect the Subject Debt.

203.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 15, 2017, at 8:12 AM Pacific Time.

204.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 17, 2017, in an attempt to collect the Subject Debt.

205.    Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on April 17, 2017, in an attempt to collect the Subject Debt.

206.    Defendant called Plaintiff's cellular telephone number on April 17, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:53 P.M.

207.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 17, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

208.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 17, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

209.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 17, 2017, ended by stating, "this is a recording."

210.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 18, 2017, in an attempt to collect the Subject Debt.

211.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on April 18, 2017, in an attempt to collect the Subject Debt.

212.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 19, 2017, in an attempt to collect the Subject Debt.

22

213.    Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on April 19, 2017, in an attempt to collect the Subject Debt.

214.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 19, 2017, at 8:02 AM Pacific Time.

215.    Defendant called Plaintiff's cellular telephone number on April 19, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:43 P.M.

216.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 19, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

217.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 19, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

218.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 19, 2017, ended by stating, "this is a recording."

219.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 20, 2017, in an attempt to collect the Subject Debt.

220.    Defendant called Plaintiff's cellular telephone number with an ATDS at least four times on April 20, 2017, in an attempt to collect the Subject Debt.

221.    Defendant called Plaintiff's cellular telephone number on April 20, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 6:33 P.M.

23

222.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 20, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

223.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 20, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

224.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 20, 2017, ended by stating, "this is a recording."

225.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 21, 2017, in an attempt to collect the Subject Debt.

226.    Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on April 21, 2017, in an attempt to collect the Subject Debt.

227.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 21, 2017, at 8:34 AM Pacific Time.

228.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 22, 2017, in an attempt to collect the Subject Debt.

229.    Defendant called Plaintiff's cellular telephone number with an ATDS at least two times on April 22, 2017, in an attempt to collect the Subject Debt.

230.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 23, 2017, in an attempt to collect the Subject Debt.

231.    Defendant called Plaintiff's cellular telephone number with an ATDS at least four times April 23, 2017, in an attempt to collect the Subject Debt.

24

232.    Defendant called Plaintiff's cellular telephone number on April 23, 2017, and left a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone at approximately 3:09 P.M.

233.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 23, 2017, said: "[t]his is a message from Synchrony Bank regarding PayPal [inaudible] MasterCard.  Please return our call at 1-866-437-2914."

234.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 23, 2017, also told Plaintiff to go to www.paypal.com and identified PayPal's address in Draper, Utah.

235.    The pre-recorded message that Defendant left in the voice-mail box associated with Plaintiff's cellular telephone on April 23, 2017, ended by stating, "this is a recording."

236.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 24, 2017, in an attempt to collect the Subject Debt.

237.    Defendant called Plaintiff's cellular telephone number with an ATDS at least five times on April 24, 2017, in an attempt to collect the Subject Debt.

238.    Defendant called Plaintiff's cellular telephone number with an ATDS on April 24, 2017, at 8:48 AM Pacific Time.

239.    On information and belief, on April 24, 2017, Plaintiff answered one of the calls that Defendant placed to Plaintiff's cellular telephone number and that a Synchrony account representative eventually appeared on the other end of the call after a short pause.

240.    During this call, Plaintiff told the Synchrony account representative to "cease and desist calling me" (or similar words).

241.    Plaintiff believes that Defendant may have called cellular telephone number with an ATDS after his final "cease and desist" request.

242.   As noted above, Defendant called Plaintiff's cellular telephone number numerous times with pre-recorded and/or artificial voice messages in an attempt to collect the Subject Debt.

243.   The frequency of Defendant's calls to Plaintiff's cellular telephone number constitutes harassment.

244.   On certain days identified above, Defendant called Plaintiff's cellular telephone number up to four times.

245.   For example, Defendant called Plaintiff's cellular phone with an ATDS at least four (4) times on:  March 20, 2017; March 22, 2017; March 27, 2017; March 29, 2017; April 2, 2017; April 5, 2017; April 6, 2017; April 7, 2017; April 9, 2017; March 12, 2017; March 17, 2017; April 19, 2017; April 20, 2017;  April 21, 2017; April 23, 2017; and April 24, 2017.

246.   And on certain days, as alleged above, the follow up calls were made less than an hour after a prior placed call.

247.   In addition to the facts set forth above, on information and belief, Defendant utilized an ATDS to call Plaintiff's cellular telephone number because the credit granting and debt collection industries frequently use ATDS based call systems to collect defaulted debts, defaulted consumer debts, and defaulted consumer credit transactions

248.   Defendant's use of an ATDS based call system is also supported by the fact that Defendant called Plaintiff just minutes after 8:00 AM Pacific Time, at sometimes only a few minutes after it could lawfully call Plaintiff.

249.   As alleged above, Defendant's use of an ATDS based call system is also supported by the fact that Defendant left pre-recorded messages on the voicemail box associated with Plaintiff's cellular telephone number.

250.   Further, Plaintiff reasonably and plausibly believes that Defendant utilized an ATDS to call his cellular telephone number because he does not believe that he ever provided his telephone

26

number to Defendant, and in order to obtain Plaintiff's cellular number, Defendant was required to obtain and/or dial his cellular number through the use of a random or sequential number generator.

251. Alternatively, consistent with the law of the 9th Circuit Court of Appeals, Defendant called his cellular telephone number with telephone equipment that can automatically dial phone numbers from a stored list (in a random or sequential manner), rather than dialing his number after randomly or sequentially generating a strings of ten (10) digit numbers and then automatically dialing the randomly or sequentially generated strings of ten (10) digit numbers.

252. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

253. Defendant's numerous attempts to collect the Subject Debt through the identified ATDS based calls *and* pre-recorded messages has severely disrupted Plaintiff's daily life and general well-being.

254. Furthermore, as noted above, in the course of placing certain calls to contact Plaintiff about the Subject Debt, if Plaintiff would not answer the calls, Defendant would leave Plaintiff a pre-recorded voice mail message notifying Plaintiff to call Defendant back.

255. Defendant's numerous attempts to collect the Subject Debt through the above identified ATDS based calls and pre-recorded messages have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance and intrusion upon seclusion.

256. Defendant's numerous attempts to collect the Subject Debt through the above identified ATDS based calls and pre-recorded messages have caused Plaintiff actual harm by diminishing his use of his cellular telephone, power and battery consumption, wear and tear caused to his cellular telephone, reduced battery charge life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

27

257.   Defendant's numerous attempts to collect the Subject Debt through the above identified ATDS based calls and pre-recorded messages have caused Plaintiff actual harm by causing him to become fearful or and aggravated unsolicited debt collection calls.

258.   Defendant's numerous attempts to collect the Subject Debt have caused Plaintiff to suffer harassment, emotional distress, anxiety, loss of concentration and time-wasting of daily aspects of life.

259.   For example, Plaintiff has been required to answer Defendant's unwanted phone calls during time with his children and during work hour

260.   As a result of Defendant's conduct Plaintiff has expended time researching his rights, consulting with potential attorneys, and eventually discussing his case with his retained attorneys.

**VII.   PayPal is Vicariously Liable for Synchrony's TCPA Violations**

261.   "Absent a clear expression of Congressional intent to apply another standard, the Court must presume that Congress intended to apply the traditional standards of vicarious liability with which it is presumed to be familiar, including the alter ego and agency doctrines." *Thomas v. Taco Bell Corp*., 879 F. Supp.2d 1079, 1084 (C.D. Cal. 2012).

262.   PayPal was and is vicariously liable for the actions of Defendant.

263.   On information and belief, PayPal had actual knowledge of Defendant's attempts to call Plaintiff's cellular telephone number prior to this lawsuit being filed.

264.   On information and belief, PayPal had actual knowledge of the instances where Defendant called Plaintiff's cellular telephone number in an attempt to collect the Subject Debt.

265.   For example, on information and belief, Defendant would send PayPal data regarding its attempts to call Plaintiff's cellular telephone number in an attempt to collect the Subject Debt.

266.    On information and belief, Defendant would send PayPal data to document times that Plaintiff answered Defendant's telephone calls and spoke with an employee or representative of Defendant in an attempt to collect the Subject Debt.

267.    On information and belief, PayPal had actual knowledge of the instances where Plaintiff did not answer Defendant's attempts to call Plaintiff's cellular telephone number where Defendant's calls resulted in Defendant leaving a pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone number.

268.    On information and belief, prior to this lawsuit being filed, PayPal had actual knowledge of the instances where Defendant called Plaintiff's cellular telephone number in an attempt to collect the Subject Debt.

269.    On information and belief, prior to this lawsuit being filed, PayPal had actual knowledge of the instances where Defendant called Plaintiff's cellular telephone number in an attempt to collect the Subject Debt and that Plaintiff answered Defendant's telephone calls and spoke with an employee or representative of Defendant.

270.    On information and belief, prior to this lawsuit being filed, PayPal had actual knowledge of the instances where Defendant called Plaintiff's cellular telephone number in an attempt to collect the Subject Debt were Plaintiff did not answer Defendant's telephone calls.

271.    On information and belief, prior to this lawsuit being filed, PayPal had actual knowledge of the instances where Defendant called Plaintiff's cellular telephone number in an attempt to collect the Subject Debt were Plaintiff did not answer Defendant's telephone calls and Defendant left pre-recorded message in the voice-mail box associated with Plaintiff's cellular telephone number.

272.    On information and belief, PayPal approved the form of the pre-recorded messages used by Defendant.

29

273.   On information and belief, PayPal knew that Defendant used an ATDS to contact consumers who owed debts to PayPal during the time periods in which Defendant called Plaintiff to collect the Subject Debt.

274.   On information and belief, PayPal knew that Defendant used an ATDS to contact consumers who owed debts to PayPal during the time periods in which Defendant called Plaintiff to collect the Subject Debt.

275.   PayPal is a sophisticated corporation, knowledgeable about the TCPA as it has been subject to TCPA class action litigation.

276.   As a sophisticated corporation knowledgeable about the TCPA, PayPal had the ability to stop Defendant from violating the TCPA Based upon the above allegations, it is plausible to allege that PayPal had knowledge of Defendant's conduct and failed to stop Defendant's TCPA violations.

277.   On information and belief, based upon a contractual relationship between PayPal and Defendant, PayPal had control of, or the ability to control Defendant's actions in attempting to collect the Subject Debts and to avoid the resulting TCPA violation.

278.   For these reasons, PayPal is responsible for the conduct of Defendant and Defendant's employees, representatives and agents, because on information, Defendant acted for the benefit of PayPal.

279.   For these reasons, at all times relevant hereto, PayPal was and is vicariously liable for the actions of Defendant.

**VIII.   Causes of Action**

**Count I –ATDS Based Calls Without Consent**

280.   Plaintiff restates and realleges the above Paragraphs as though fully set forth herein.

281.    Defendant placed or caused to be placed the above identified non-emergency calls, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

282.    As discussed above, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

283.    Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

284.    Defendant used an ATDS to place calls to Plaintiff's cellular telephone number because many of the missed calls resulted in Defendant leaving pre-recorded messages on Plaintiff's cellular phone number's voice-mail.

285.    Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between January 2017 and the present day, using an ATDS without his prior consent.

286.    Any prior consent, if any, was revoked when Plaintiff told Defendant to stop calling him.

287.    As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

288.    Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

289.    Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31

290. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call.

291. While Plaintiff believes that Defendant called him with an ATDS more than 134 times, this Court should award Plaintiff at least $500 per offending call for a total of $67,000.

292. PayPal was and is vicariously liable for the actions of Defendant.

**WHEREFORE**, Plaintiff GILBERT CASTILLO JR. respectfully requests that this Honorable Court:

      a. Declare that Defendant Synchrony violated the TCPA as alleged in this Count;

      b. Declare that PayPal was and is vicariously liable for the actions of Defendant;

      c. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

      d. Enjoin Defendants from contacting Plaintiff in violation of the TCPA.

## Count II –ATDS Based Calls – Willful Violations

293. Plaintiff restates and realleges the above Paragraphs as though fully set forth herein.

294. On information and belief, Defendant placed or caused to be placed the above identified non-emergency calls, to Plaintiff's cellular telephone number using an ATDS *after Plaintiff told Defendant to stop calling him*.

295. Pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

296. This Court should award Plaintiff $1,500 for each ATDS based calls placed by Defendant to Plaintiff's cellular telephone *after Plaintiff told Defendant to stop calling him.*.

**WHEREFORE**, Plaintiff GILBERT CASTILLO JR. respectfully requests that this Honorable Court:

a.  Declare that Defendant Synchrony violated the TCPA as alleged in this Count;

b.  Declare that PayPal was and is vicariously liable for the actions of Defendant;

c.  Awarding Plaintiff treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(C); and

d.  Enjoin Defendants from contacting Plaintiff in violation of the TCPA.

**Count III – Pre-Recorded Message Calls Without Consent**

297.    Plaintiff restates and realleges the above Paragraphs as though fully set forth herein.

298.    Defendant placed or caused to be placed the above identified non-emergency calls to Plaintiff's cellular telephone using prerecorded or artificial voice messages without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

299.    Plaintiff is entitled to $500 in statutory damages for each pre-recorded or artificial voice message sent by Defendant to Plaintiff's cellular telephone without his consent.

**WHEREFORE**, Plaintiff GILBERT CASTILLO JR. respectfully requests that this Honorable Court:

a.  Declare that Defendant Synchrony violated the TCPA as alleged in this Count;

b.  Declare that PayPal was and is vicariously liable for the actions of Defendant;

c.  Awarding Plaintiff damages of $500 for each prerecorded or artificial voice messages pursuant to 47 U.S.C. §§ 227(b)(3); and

d.  Enjoin Defendants from contacting Plaintiff in violation of the TCPA.

**Count IV – Pre-Recorded Message Calls –Willful Violations**

300.    Plaintiff restates and realleges the above Paragraphs as though fully set forth herein.

301.    On information and belief, Defendant placed or caused to be placed the above identified non-emergency calls to Plaintiff's cellular telephone using prerecorded or artificial voice

33

messages in violation of 47 U.S.C. §227 (b)(1)(A)(iii) *after Plaintiff told Defendant to stop calling him*.

302.    Pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

303.    This Court should award Plaintiff $1,500 for each prerecorded or artificial voice messages sent Plaintiff's cellular telephone by Defendant *after Plaintiff told Defendant's account representatives to stop calling him.*

**WHEREFORE**, Plaintiff GILBERT CASTILLO JR. respectfully requests that this Honorable Court:

  a.   Declare that Defendant Synchrony violated the TCPA as alleged in this Count;

  b.   Declare that PayPal was and is vicariously liable for the actions of Defendant;

  c.   Awarding Plaintiff treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(C); and

  d.   Enjoin Defendants from contacting Plaintiff in violation of the TCPA.

## IX.    Class Action Claims

304.    Plaintiff incorporates the above Paragraphs as if fully set forth above.

305.    Plaintiff can satisfy the elements of Federal Rule of Civil Procedure 23.

306.    The above violations apply generally to the proposed classes.

307.    The putative class members can be administratively ascertained from business records maintained by the Defendant. *See, e.g., In re Community Bank of Northern Virginia Mortg. Lending Practices Litigation*, 795 F.3d 380, 397 (3d Cir. 2015) (finding that the Plaintiff's proposed class was ascertainable because the defendant "possesse[d] all of the relevant bank records needed to identify the putative class members").

34

### i.  Numerosity

308.    Numerosity is satisfied because Defendant called at least forty (40) residents of California in the same manner that Defendant called Plaintiff through-automated dialing technology prohibited by the TCPA: by (a) automated dialing technology prohibited by the TCPA – either through an ATDS; and (b) without consent of the person called.

309.    Alternatively, the above calls that Defendant placed to at least forty (40) residents of California were made with a "predictive dialer" as this term has been defined by the FCC.

310.    Joinder of all members of the Class is impracticable.

### ii.  Commonality and Predominance

311.    The elements of  commonality and predominance are satisfied.

312.    As to the TCPA based classes, commonality exists because Defendant acted in a common manner toward Plaintiff and the proposed class members by calling Plaintiff and the proposed class members in the same way:  (a) by an ATDS, without the consent of the persons called; (b) by an ATDS, after the persons called told Defendant to stop calling; (c) by and through pre-recorded and artificial voice messages, without the consent of the persons called; and (d) after the persons called told Defendant to stop calling.

313.    There are questions of law and fact common to the claims of Plaintiff and members of the proposed classes, including;

        a.    whether the dialing systems used by the Defendant qualifies as an ATDS under the TCPA;

        b.    whether Defendant used pre-recorded or artificial voice messages;

        c.    whether Defendant can demonstrate consent; and

        d.    whether the conduct described herein was intentional so as to warrant treble or punitive damages of up to $1,500 per call.

### iii.  Typicality

314.    Plaintiff's claims are typical of the claims of the proposed Class, as the calls that Defendant placed were the same or substantially similar to those received by the proposed class members.

315.    Plaintiff and each of the proposed class members are all subject to the same illegal calling techniques employed by Defendant.

### iv.  Appropriateness and Superiority

316.    A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.

317.    The common questions of law and fact enumerated above predominate over questions affecting only individual Class members.

318.    The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, as well as the absence of a fee shifting mechanism.

319.    As such, the expense and burden of individual litigation would make it impracticable for proposed Class members to prosecute their claims individually.

### v.  Plaintiff and Class Counsel Are Adequate

320.    Plaintiff and proposed class counsel will fairly, adequately and vigorously represent and protect the interests of the proposed class members and has/have no interest antagonistic to those of the putative classes.

321.    There are no defenses unique to Plaintiff.

322.    Plaintiff's attorney is an experienced consumer attorney and experienced in debtor's rights.

36

323.    Defendant is not aware of any circumstances that would render Plaintiff's counsel unqualified to be class counsel in this case.

324.    FRCP 23(b)(2) provides that injunctive and declaratory relief are proper where "the party opposing the class has acted or refused to act on grounds that apply generally to the class."

**Count VI – California Based Class Action - ATDS Calls Without Consent**

325.    Plaintiff incorporates the above Paragraphs as if fully set forth above.

326.    Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the State of California with an ATDS, as defined by the TCPA, and as separately interpreted by the 9th Circuit Court of Appeals, for the purpose of collecting on a debt, and did so without the consent of the persons called.

327.    Defendant called at least forty (40) cellular telephone numbers associated with of California based area codes and did so with the use with an ATDS, as defined by the TCPA, and as separately interpreted by the 9th Circuit Court of Appeals, for the purpose of collecting on a debt, and did so without the consent of the persons called.

328.    Plaintiff seeks relief on behalf of all similar situated residents of the State of California who can be defined as follows:

> All residents of the State of California who were called on their cellular phones within the last four years by Defendant, for the purpose of debt collection, where Defendant placed the calls using an ATDS and Defendant never had the express prior consent of the recipient *before* the calls were placed.

329.    Plaintiff also seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows (the "PayPal ATDS – California sub-class"):  :

> All persons in the United States, with United States based telephone numbers, who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony

37

placed the calls using an ATDS and Defendant never had the express prior consent to call the telephone numbers.

330.   A defendant in a TCPA action bears the burden of demonstrating consent.

331.   It is Defendant's burden and obligation to exclude from these proposed classes people who consented to the calls and messages in question.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

a.   Declare that the telephone calls placed by Defendant Synchrony to residents of California violated the TCPA;

b.   Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

c.   Award statutory damages of at least $500;

d.   Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and

e.   Enjoin Defendants from future violations of the TCPA.

### Count VII – Nationwide Based Class Action - ATDS Calls Without Consent

332.   Plaintiff incorporates the above Paragraphs as if fully set forth above.

333.   Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the United States with an ATDS, as defined by the TCPA\, and as separately interpreted by the 9th Circuit Court of Appeals, for the purpose of collecting on a debt, and did so without the consent of the persons called.

334.   Defendant called at least forty (40) cellular telephone numbers associated with area codes not associated with the State of California, and did so with the use with an ATDS, as defined by the TCPA, and as separately interpreted by the 9th Circuit Court of Appeals, for the purpose of collecting on a debt, and did so without the consent of the persons called.

335.    Plaintiff seeks relief on behalf of all similar situated residents of the United States who can be defined as follows:

> All residents of the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Defendant, for the purpose of debt collection, where Defendant placed the calls using an ATDS and Defendant never had the express prior consent of the recipient *before* the calls were placed.

336.    Plaintiff also seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows (the "PayPal ATDS – Nationwide sub-class"):  :

> All persons in the United States, with United States based telephone numbers, who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using an ATDS and Defendant never had the express prior consent to call the telephone numbers.

337.    A defendant in a TCPA action bears the burden of demonstrating consent.

338.    It is Defendant's burden and obligation to exclude from these proposed classes people who consented to the calls and messages in question.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

> a.  Declare that the telephone calls placed by Defendant Synchrony to residents of the United States violated the TCPA;
>
> b.  Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;
>
> c.  Order Defendants to pay statutory damages to Class Members $500 for each violation;
>
> d.  Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and
>
> e.  Enjoin Defendants from future violations of the TCPA.

### Count VIII – California Class Action – ATDS Calls - Willful Violations

339.    Plaintiff incorporates the above Paragraphs as if fully set forth above.

340.   Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the State of California with an ATDS, as defined by the TCPA, without the consent of the persons called and after the recipients of the calls told Defendant to stop calling.

341.   Plaintiff seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows:

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

342.   Plaintiff also seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows (the "PayPal ATDS  – Willful Violations - California sub-class"): :

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

343.   Defendant's conduct supports the entry of treble damages for each ATDS call placed after the recipients of the calls told Defendant to stop calling.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

    a.   Declare that the telephone calls placed by Defendant Synchrony violated the TCPA;

    b.   Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

    c.   Award Class Members $1,500 for each violation where Synchrony placed calls after Class Members told it to stop calling;

    d.   Require Defendant PayPal to pay damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and;

40

e.   Enjoin future violations of the TCPA.

**<u>Count IX – Nationwide ATDS Class Action - Willful Violations</u>**

344.   Plaintiff incorporates the above Paragraphs as if fully set forth above.

345.   Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the United States with an ATDS, as defined by the TCPA, without the consent of the persons called, and after the person called told Defendant to stop calling.

346.   Defendant called at least forty (40) cellular telephone numbers associated with area codes not associated with the State of California, and did so with the use with an ATDS, as defined by the TCPA, and as separately interpreted by the 9th Circuit Court of Appeals, for the purpose of collecting on a debt, and did so without the consent of the persons called.

347.

348.   Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States, with United States based telephone numbers, who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

349.   Plaintiff also seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows (the "PayPal ATDS – Willful Violations - Nationwide sub-class"):

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

350.     Defendant's conduct supports the entry of treble damages for each ATDS call placed after the recipients of the calls told Defendant to stop calling.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

    a.  Declare that the telephone calls placed by Defendant Synchrony violated the TCPA;

    b.  Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

    c.  Award Class Members $1,500 for each violation where Defendant Synchrony placed calls after Class Members told it to stop calling;

    d.  Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and;

    e.  Enjoin future violations of the TCPA.

**COUNT X – California Class Action – Pre-Recorded Message Calls**

351.     Plaintiff incorporates the above Paragraphs as if fully set forth above.

352.     Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the State of California in an attempt to collect a debt and in doing so, Defendant played or left pre-recorded or artificial voice messages, without the consent of the persons called.

353.     Defendant called at least forty (40) cellular telephone numbers associated with area codes not associated with the State of California, for the purpose of collecting on a debt, and in doing so, Defendant played or left pre-recorded or artificial voice messages, without the consent of the persons called.

354.

355.   Plaintiff seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows:

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

356.   Plaintiff also seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows (the "PayPal Pre-Recorded Message – California sub-class"):

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting a debt owed to PayPal, where Synchrony placed the calls using pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

357.   Defendant's conduct supports the entry of treble damages for each ATDS call placed after the recipients of the calls told Defendant to stop calling.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

   a.   Declare that the telephone calls placed by Defendant Synchrony violated the TCPA;

   b.   Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

   c.   Award Class Members $500 for each pre-recorded or artificial voice messages without their consent;

   d.   Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and;

   e.   Enjoin future violations of the TCPA.

## **Count XI – Nationwide Class Action - Pre-Recorded Message Calls**

358.   Plaintiff incorporates the above Paragraphs as if fully set forth above.

43

359.   Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the United States to collect a debt and in doing so, Defendant played or left pre-recorded or artificial voice messages, without the consent of the persons called.

360.   Defendant called at least forty (40) cellular telephone numbers associated with area codes not associated with the State of California, for the purpose of collecting on a debt, and in doing so, Defendant played or left pre-recorded or artificial voice messages, without the consent of the persons called.

361.   Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt collection, where Synchrony placed the calls using a pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

362.   Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows (the "PayPal Pre-Recorded Message - Nationwide sub-class"):

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using a pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

363.   Defendant's conduct supports the entry of treble damages for each pre-recorded or artificial voice messages placed after the recipients told Defendant to stop calling.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

44

a.  Declare that the telephone calls placed by Defendant Synchrony violated the TCPA;

b.  Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

c.  Award Class Members $500 for each pre-recorded or artificial voice messages without their consent;

d.  Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and

e.  Enjoin future violations of the TCPA.

**Count XII – California Class Action Pre-Recorded Message Calls – Willful Violations**

364.    Plaintiff incorporates the above Paragraphs as if fully set forth above.

365.    Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the State of California with pre-recorded or artificial voice messages, to collect a debt, and without the consent of the persons called, and after the recipients of the calls told Defendant to stop calling.

366.    Plaintiff seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows:

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

367.    Plaintiff seeks relief on behalf of all similar situated persons in the State of California who can be defined as follows (the "PayPal Pre-Recorded Message – Willful Violations California sub-class"):

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

45

368.   Defendant's conduct supports the entry of treble damages for each pre-recorded or artificial voice messages placed after the recipients told Defendant to stop calling.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

a.   Declare that the telephone calls placed by Defendant Synchrony violated the TCPA;

b.   Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

c.   Award Class Members $1,500 for each pre-recorded or artificial voice messages *after* Class Members told Defendant Synchrony to stop calling;

d.   Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and;

e.   Enjoin future violations of the TCPA.

### Count XIII – Nationwide Class Action
### Pre-Recorded Message Calls – Willful Violations

369.   Plaintiff incorporates the above Paragraphs as if fully set forth above.

370.   Consistent with the types of calls received by Plaintiff, including the frequency and manner in which the calls were received by Plaintiff, Defendant called at least forty (40) cellular phone subscribers in the United States with pre-recorded or artificial voice messages, to collect a debt and without the consent of the persons called, and after the recipient of the call told Defendant to stop calling.

371.   Defendant called at least forty (40) cellular telephone numbers associated with area codes not associated with the State of California, for the purpose of collecting on a debt, and in doing so, Defendant played or left pre-recorded or artificial voice messages, without the consent of the persons called.

372.     Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

373.     Plaintiff also seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows (the "PayPal Pre-Recorded Message – Willful Violations Nationwide sub-class"):

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

374.     Defendant's conduct supports the entry of treble damages for each ATDS call placed after the recipients of the calls told Defendant to stop calling.

WHEREFORE, Plaintiff and similarly situated putative class members are entitled to the following relief:

    a.  Declare that the telephone calls placed by Defendant Synchrony violated the TCPA;

    b.  Declare that PayPal was and is vicariously liable for the actions of Defendant Synchrony;

    c.  Award Class Members $1,500 for each pre-recorded or artificial voice messages *after* Class Members told Defendant Synchrony to stop calling;

    d.  Require Defendant PayPal to pay for damages where Defendant Synchrony violated the TCPA in collecting debts owed to PayPal; and

    e.  Enjoin future violations of the TCPA.

47

1

## **DEMAND FOR JURY TRIAL**

2

      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

3

this action so triable of right.

4

                                 By: */s/ James C. Vlahakis*

5

6
                                   James C. Vlahakis
                                   **SULAIMAN LAW GROUP, LTD.**

7
                                   2500 S. Highland Avenue
                                   Suite 200

8
                                   Lombard, Illinois 60148 Telephone:

9
                                   (630) 575-8181 Facsimile: (630)
                                   575-8188

10
                                   E-mail: jvlahakis@sulaimanlaw.com
                                   *Counsel for Plaintiff*

11
                                   *PRO HAC VICE*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28