**SULAIMAN LAW GROUP, LTD.**
James C. Vlahakis (Illinois State Bar No. 6230459)
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: jvlahakis@sulaimanlaw.com
*Attorney for the Plaintiff*
*PRO HAC VICE*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT CASTILLO JR., individually and on behalf of a nationwide class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL d/b/a SYNCHRONY BANK, and PAYPAL, INC.,<br><br>Defendants. | Case No. 3:19-cv-04740-WHO<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Hon.  William H. Orrick |

Now Comes Plaintiff, GILBERT CASTILLO JR. ("Plaintiff"), individually and on behalf of a nationwide class of similarly situated individuals, and submits the following as Plaintiff's Case Management Statement, with the caveat that the parties shall endeavor to file a Joint Case Management Statement prior to the currently scheduled Case Management Conference that was previously set for November 19, 2019 at 2:00 p.m. by Docket Entry No. 14. Counsel for the parties intend to appear telephonically. Having said that, the parties have stipulated that the Case Management Conference be moved to December 19, 2019, or to a date convenient to the Court. See Dkt. 23 (Stipulation to Extend Time to Respond to Plaintiff's Amended Complaint).  Out of abundance of caution, because the above referenced stipulation to move the November 19, 2019,

1

Case Management Conference has not been granted, Plaintiff is filing his Case Management Plan at this time, subject to further amendment in conjunction from edits and submissions by both Defendants.

1. **Jurisdiction and Service**[1]: Federal jurisdiction is based on the Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227 and pursuant to 28 U.S.C. §§ 1331 and 1337.

    Plaintiff served Defendant Synchrony Financial ("Synchrony") on September 4, 2019 by serving Michele Woznyak in the Legal Department at its principal place of business.  By way of the above mentioned stipulation, Defendant Synchrony's answer to the Amended Complaint is due on November 2, 2019.

    Plaintiff served Defendant PayPal, Inc.'s registered agent, Daisy Montengro of C T Corporation System on September 3, 2019.  Defendant PayPal answered the Amended Complaint on October 23, 2019.

2. **Facts** (a brief chronology of the facts and a statement of the principal factual issues in dispute):

    **For Plaintiff**:  Plaintiff contends that Defendants violated Section 227(b)(1)(A)(iii) TCPA by calling his cellular telephone during 2016 and 2017, to collect a purported debt without his consent by and through the use of: (a) an "automatic telephone dialing system"; (b) "artificial or prerecorded voice" messages that were played when Plaintiff answered telephone calls; and (c) "artificial or prerecorded voice" messages that were left in Plaintiff's voicemail associated with his cellular telephone.  Further, Plaintiff contends that Defendant Synchrony did not stop calling Plaintiff with the above systems despite Plaintiff informing employees or agents of Defendant Synchrony to stop calling him.

---

[1] Previously, Plaintiff filed two Motions for Entry of Default (Dkts. 17 and 18) when Defendants failed to answer or otherwise plead. Defendants' counsel contacted Plaintiff's counsel and entered the case, resulting in a Stipulation to Set Aside the Clerk's Entry of Default (Dkt. 21). The stipulation was granted. Dkt. 22.

For **Defendants**:  [to be supplemented by Defendants].

3. **Legal Issues** (A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions):

For **Plaintiff**: Plaintiff contends that that the legal issues involved in this case revolve around whether Defendants called Plaintiff with devices prohibited by the TCPA, whether Plaintiff consented to being called with any of these devices, whether Plaintiff informed one or more of the Defendants to stop calling him and whether one or more of the Defendants complied or failed to comply with Plaintiff's request or requests and whether Plaintiff's civil action is precluded by an arbitration agreement which purports to contain a class action waiver.

For **Defendants**:  [to be supplemented by Defendants].

4. **Motions:** There are no pending motions at this time. Plaintiff anticipates that Defendants may file a motion to compel arbitration.

5. **Amendment of Pleadings:** None anticipated at time other than Plaintiff may voluntarily dismiss Defendant PayPal and dismiss certain TCPA claims in Counts I through IX that predicated on the alleged use of an "automatic telephone dialing system".

6. **Evidence Preservation:** Plaintiff's counsel certifies that he has have reviewed the Guidelines Relating to the Discovery of Electronically Stories Information ("ESI Guidelines") and confirm they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues.

7. **Disclosures:** The parties have not yet made initial disclosures at the time of filing this Case Management Statement.

Plaintiff proposes that the parties provide initial disclosures by November 26, 2019.

8. **Discovery** (Discovery taken to date, if any, the scope of anticipated discovery, any proposed

limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes):

No discovery has been issued to date.

Plaintiff proposes that the parties may issue discovery upon the filing of Plaintiff's

proposed Case Management Plan.

Plaintiff proposes to complete fact and expert discovery by April 20, 2019.

**9. Class Actions** (a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements: (1) the specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action; (2) a description of the class or classes in whose behalf the action is brought; (3) facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b); and (4) a proposed date for the Court to consider whether the case can be maintained as a class action):

*Plaintiff's counsel has reviewed the Procedural Guidance for Class Action Settlements.*

**(1) The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action:**

Plaintiff contends that the action is maintainable as a class action pursuant to FRCP

23(b)(2) and (b)(3).

**(2) A description of the class or classes in whose behalf the action is brought**:

As to Paragraph 328 of Count IV, Plaintiff seeks relief on behalf of all similar

situated residents of the state of California who can be defined as follows:

All residents of the State of California who were called on their cellular phones within the last four years by Defendant, for the purpose of debt collection, where Defendant placed the calls using an ATDS and Defendant never had the express prior consent of the recipient *before* the calls were placed.

As to Paragraph 335 of Count VII, Plaintiff seeks relief on behalf of all similar

situated residents of the United States who can be defined as follows:

4

All residents of the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Defendant, for the purpose of debt collection, where Defendant placed the calls using an ATDS and Defendant never had the express prior consent of the recipient *before* the calls were placed.

As to Paragraph 341 of Count VIII, Plaintiff seeks relief on behalf of all similar situated persons in the state of California who can be defined as follows:

All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

As to Paragraph 348 Count IX, Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

All persons in the United States with United States based telephone numbers, who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

As to Paragraph 349 Count IX, Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

All persons in the United States with United States based telephone numbers, who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using an ATDS *after* Class Members told Synchrony to stop calling.

As to Paragraph 355 Count X, Plaintiff seeks relief on behalf of all similar situated persons in the state of California who can be defined as follows:

All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collection any debt, where Synchrony placed the calls using pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

*Plaintiff view Count X and the other Counts that are based upon pre-recorded and/or artificial voice messages (Counts XI, XII and XIII) to be the main thrust of the*

*proposed class action classes.  This is because a violation of the TCPA can be made out by the mere receipt of a pre-recorded and/or artificial voice message while auto-dialed telephone calls require the use of a ATDS (an "automatic telephone dialing system") which requires additional proof.*

As to Paragraph 361 of Count XI, Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using a pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

As to Paragraph 362 of Count XI, Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using a pre-recorded or artificial voice messages before or without ever obtaining the consent of the person called.

As to Paragraph 366 of Count XII, Plaintiff seeks relief on behalf of all similar situated persons in the state of California who can be defined as follows:

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

As to Paragraph 367 of Count XII, Plaintiff seeks relief on behalf of all similar situated persons in the state of California who can be defined as follows:

> All persons in the State of California who were called on their cellular phones within the last four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

As to Paragraph 372 of Count XIII, Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the four years by Synchrony, for the purpose of collecting any debt, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

As to Paragraph 373 of Count XIII, Plaintiff seeks nationwide relief on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who were called on their cellular phones within the four years by Synchrony, for the purpose of collecting any debt owed to PayPal, where Synchrony placed the calls using pre-recorded or artificial voice messages *after* Class Members told Synchrony to stop calling.

**(3) Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b):**

Pursuant to FRCP 23(a)(2) and 23(a)(3), Plaintiff contends that Defendant Synchrony's manner of calling him with pre-recorded messages (without his consent and without stopping when he asked Defendant Synchrony to stop calling him) was typical and common of the manner in which Defendant Synchrony called other putative class members. Pursuant to FRCP 23(a)(1), Plaintiff contends that given the volume of consumers that have accounts with Defendant Synchrony, the proposed class members are so numerous that joinder of all members is impracticable. Pursuant to FRCP 23(a)(4), Plaintiff contends that he will fairly and adequately protect the interests of the class.

Pursuant to FRCP 23(b)(2), Plaintiff contends that Defendant Synchrony has acted or refused to act on grounds that apply generally to the proposed class members, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class members as a whole. Pursuant to FRCP 23(b)(3), Plaintiff contends that

7

questions of law or fact common to class members predominate over any questions affecting only individual members, that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy and that there will not be difficulties in managing a class action in this forum.

*Plaintiff anticipates that Defendant Synchrony will contend that Plaintiff's claims are precluded by a class action waiver contained within an arbitration clause.*

**(4) A proposed date for the Court to consider whether the case can be maintained as a class action):**

By January 20, 2020, Plaintiff shall be prepared to file for certification.

**10. Related Cases:** None.

**11. Relief:** Plaintiff seeks statutory damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B)&(C). Class action recovery to be determined.

**12. Settlement and ADR:** The parties have engaged in settlement discussions but have been unable to negotiate settlement at this time.

Plaintiff would like to discuss potential ADR selection with the Judge at the Case Management Conference. Defendants' position shall be identified in a supplemental filing.

**13. Consent to Magistrate Judge For All Purposes:** The parties do not universally consent to the designated Magistrate Judge.

**14. Other References:** None.

**15. Narrowing of Issues:** None.

**16. Expedited Trial Procedure:** The parties have not agreed that this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling:**    *As proposed by Plaintiff.*

    a. **Designated Experts:** February 7, 2020

    b. **Discovery Cut-off:** April 10, 2020

8

    c.  **Filing of Dispositive Motions:** May 19, 2020

    d.  **Pretrial Conference:** September or October of 2020

    e.  **Trial:** Late September, 2020 or October, 2020.

**18. <u>Trial:</u>** Jury trial. Plaintiff anticipates a trial lasting no more than 3 days.

**19. <u>Disclosure of Non-party Interested Entities or Persons:</u>**

Defendant PayPal, Inc. has filed its Corporate Disclosure Statement. Defendant Synchrony shall due so when it files its answer.

**20. <u>Professional Conduct:</u>** Plaintiff's counsel has reviewed and comprehend the Guidelines for Professional Conduct for the Northern District of California.

Dated: November 13, 2019             By: *<u>/s/ James C. Vlahakis</u>*

                                      James C. Vlahakis
                                      **SULAIMAN LAW GROUP, LTD.**
                                      2500 S. Highland Avenue
                                      Suite 200
                                      Lombard, Illinois 60148
                                      Telephone: (630) 575-8181
                                      Facsimile: (630) 575-8188
                                      E-mail: jvlahakis@sulaimanlaw.com
                                      *Attorney for Plaintiff*