Raffi Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
Priscilla Szeto (SBN 305961)
Email: pszeto@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Synchrony Bank and PayPal, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT CASTILLO, JR, individually and on behalf of a nationwide class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONY FINANCIAL d/b/a SYNCHRONY BANK; and PAYPAL, INC.,<br><br>Defendants. | No.: 3:19-cv-04740-JCS<br><br>Hon. Mag. Judge Joseph C. Spero |

## **AFFIDAVIT OF MARTHA KOEHLER**

STATE OF KANSAS              §
                             §
COUNTY OF MERRIAM            §

I, Martha Koehler, being first duly sworn upon oath, states that the following is true and correct.

1. I am over twenty-one (21) years of age, of sound mind, and fully competent to make this affidavit. I am Manager of Litigation Support and I am employed by Synchrony Bank ("Synchrony"). My responsibilities include regularly providing research and support assistance for claims and litigation involving

1. Synchrony. I have performed these responsibilities for Synchrony and its predecessors since 1994. The facts stated herein are true and correct and based upon my own personal knowledge and/or upon my personal review of Synchrony's business records pertinent to this matter. If called as a witness to testify, I could and would competently testify to the facts set forth herein.

2. Synchrony is a federal savings association that, among other things, issues credit card accounts to consumers. Synchrony is regulated, supervised and examined by the Office of the Comptroller of the Currency.

3. Synchrony's charter home office is located at 170 Election Road, Draper, Utah.

4. My responsibilities include regularly accessing Synchrony's cardholder records, maintaining and compiling histories of cardholder terms and conditions, and investigating account records and transaction histories including communications to and from customers. I am familiar with the manner in which credit card account records and account agreements are maintained and the manner in which mailings are sent to Synchrony cardholders.

5. In the ordinary course of its regularly conducted business, Synchrony maintains electronic records related to each account. These records are made at or about the time of the events reflected in each record. Among other things, these records enable Synchrony to determine when an individual becomes a cardholder, if and when a cardholder's account becomes overdue, if and when collection activities commence on the account, and when cardholder agreements and changes in terms of cardholder agreements are sent to customers. These records also enable Synchrony to determine when Synchrony receives and responds to disputes from the consumer reporting agencies ("CRAs") regarding the completeness or accuracy of information furnished by Synchrony for any Synchrony credit card account. Synchrony relies on these electronic records in the ordinary course of managing and servicing its customers' accounts. I believe these records to be accurate and reliable.

6. Synchrony has a number of credit card programs, including a program with PayPal, whereby Synchrony issues PayPal Extras MasterCard branded credit cards. These programs allow a consumer to pay for goods and services using a branded credit card. I have personally reviewed Synchrony's records pertaining to Plaintiff Gilbert Castillo, Jr. ("Plaintiff") and found that he was the accountholder for an PayPal Extras MasterCard-branded account ending 2599 (the "Account") issued by Synchrony. My statements in this declaration regarding the Account are based on my personal review of these business records.

7. Synchrony's records reflect that on March 2, 2015, an online application for a PayPal Extras MasterCard account was submitted and received by Synchrony in the name of Gilbert Castillo, Jr. On the same day, Synchrony approved the application, which is reflected in the "Application Profile", of which a true and correct copy is attached as **Exhibit 1** (redacted to protect Plaintiff's personal information). The account number assigned to the Account was XXXXXXXXXXXX2599.

8. A PayPal Extras MasterCard-branded credit card and a copy of the complete PayPal Extras MasterCard Credit Card Account Agreement (the "Agreement") was mailed to Plaintiff at the address provided on the application, a true and correct copy of the Agreement is attached as **Exhibit 2**. Synchrony has no record of any postal returns on the Account. As part of the online application process, Plaintiff would have checked a box accepting the Terms and Conditions of the Account Agreement.

9. As part of Synchrony's regular activities in the ordinary course of business, Synchrony maintains a record of any correspondence received from its customers, including requests to reject or opt out of an arbitration provision. I have reviewed Synchrony's records and have found no record of a notice from the Plaintiff exercising his right to reject the "Arbitration Provision" in the Agreement.

10. Plaintiff used the Account to make purchases and made payments on the Account until the Account went past due in November 2016. Plaintiff then made

irregular payments until his last payment in February 2017.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of December, 2019, at MERRIAM , KANSAS .

*(signature)*
**MARTHA KOEHLER**

Subscribed and sworn to before me on the 4th day of December, 2019.

*(signature)*
Notary Public



JOYCE FRIX
My Appointment Expires
March 23, 2021

---

— 4 —
AFFIDAVIT OF MARTHA KOEHLER